[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 16 October 1992 Date of Application: 16 October 1992 Date Application Filed: 16 October 1992 Date of Decision: 22 March 1994
Application for review of sentence imposed by the Superior Court Judicial District of Ansonia/Milford at Milford. Docket CT Page 4578 No. CR5-88769.
David Egan, Esq., For the Petitioner
Mary Galvin, Esq., For the State of Connecticut
[MEMORANDUM OF DECISION]
[BY THE DIVISION]
The petitioner entered a plea to Manslaughter 1st degree in violation of Conn. Gen. Stats. § 53a-55. The court gave a sentence of eighteen years to serve.
The record shows that the Shelton police were called and informed that the petitioner dropped his son off at a friend's house with blood on his clothes. The police went to the child's mother's house and found a trail of blood on the floor and a large knife in the bathroom sink. The victim was found and pronounced dead by homicide with 73 stab wounds to the body.
At the hearing counsel for the petitioner maintained that the victim/wife pulled a knife on the petitioner and that he just went crazy experiencing a "psychotic break." Counsel emphasized that the petitioner had no prior criminal record and a solid work record, all of his life. He noted that the petitioner had a very supportive family and that there was no rational explanation for the petitioner's conduct. Arguing that the sentence was inappropriate, counsel felt that a reduction of sentence was necessary since the petitioner lacked a prior criminal record.
When the petitioner addressed the panel, he claimed that the victim attacked him. He admitted that he lost control but felt his present sentence to be unfair. He stated his remorse and that he could not be punished more for his acts. Claiming that the crime was an isolated incident, he asked the panel to significantly alter or reduce his sentence. Finally, he asked CT Page 4579 the panel to give him some alcohol treatment.
The attorney for the state asked the panel to impose more time noting that the crime was a very brutal murder. So brutal, in fact, that there was no blood left in the body when it was found. Counsel felt that the reduction of charges from murder to manslaughter was the equivalent of fairness necessary in this case.
The court, in its sentencing remarks, noted the trauma that a case of this nature visits on both families. The court clearly spoke on why it thought that a reduction of the charge was necessary. Noting that the petitioner had no prior record, the court firmly stated that no further reduction from the eighteen year cap was appropriate.
In reviewing there marks of the sentencing court, we find a balance of considerations by the court that conforms with the mandates of P.B. § 492. Considering that a life was taken in a vicious and gruesome manner, the sentence is neither inappropriate or disproportionate IS AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J. participated in this decision.